**SANDERS LAW GROUP**
Craig B. Sanders, Esq. (Cal Bar 284397)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 127204
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Guillory,<br><br>                    Plaintiff,<br><br>     v.<br><br>Backgrid USA, Inc. and The Grosby Group Inc.,<br><br>                    Defendants, | Case No:<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Robert Guillory ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Backgrid USA, Inc. ("*Backgrid*") and defendant The Grosby Group Inc. ("*Grosby*") (hereinafter collectively "*Defendants*") states and alleges as follows:

## **INTRODUCTION**

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these photographs which Plaintiff licenses for various uses including online and print publications.

3. Backgrid is a stock photography agency with a focus on celebrity content.

4. Grosby is a stock photography agency with a focus on entertainment related content.

5. Defendants collectively license various photographic works to third parties for commercial exploitation.

6. Defendants, without permission or authorization from Plaintiff actively copied, stored, reproduced and displayed Plaintiff's photographs.

7. Defendants also licensed Plaintiff's photographs to third-party entities for commercial usage, without the permission of Plaintiff who authored the images, and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

8. Plaintiff Robert Guillory is an individual who is a citizen of the State of California and maintains a principal place of business in Los Angeles County, California.

9. Upon information and belief, Backgrid is a California corporation with a principal place of business at 700 N. Pacific Coast Highway, Redondo Beach in Los Angeles County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

10. Upon information and belief, Grosby is a California corporation with a principal place of business at 3904 Keeshen Dr., Los Angeles in Los Angeles County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

12. This Court has personal jurisdiction over Backgrid because it maintains its principal place of business in California.

13. This Court has personal jurisdiction over Grosby because it maintains its principal place of business in California.

14. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendants do business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

15. Plaintiff is a professional real estate photographer by trade who is the legal and rightful owner of photographs which he licenses to online and print publications.

16. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

17. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

18. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

19. Backgrid licenses and/or sells photographic content to third parties as well as the general public for commercial exploitation.

20. Grosby licenses and/or sells photographic content to third parties as well as the general public for commercial exploitation.

21. Defendants financially benefit from their licensing of photographic content.

22. Entertainment and/or celebrity related content is a focal point of each of the defendant's business.

23. Defendants' activities include production of photographic content to

various third-party publications including but not limited to TMZ, Daily Mail, The Sun, The Teal Mango, Total Frat Move and Hollywoodlife.com ("*Third-Party Publications*").

24. On December 1, 2021, Plaintiff authored various exterior, interior, as well as aerial captures of 24877 Eldorado Meadow Road, Hidden Hills, California. ("*Photographs 1-21*"). A copy of each individual Photograph (hereinafter "*Photographs*") is attached hereto collectively as Exhibit 1.

25. Photographs 1-21 were registered by the USCO on January 19, 2022 under Registration No. VA 2-289-987 and thereafter supplemented with Registration No. VA. 2-302-339 on May 9, 2022.

26. On December 28, 2021, Plaintiff observed a number of his images on TMZ's website in a story dated December 27, 2021. The images were displayed at URL: https://www.tmz.com/2021/12/27/kanye-west-buys-house-across-street-kim-kardashian-divorce/ (*Exhibit 2-Infringement #1-11*). Copies of the screengrabs of TMZ's website including each respective Photograph are attached hereto collectively as Exhibit 2.

27. On March 17, 2022, Plaintiff observed his images on Hollywoodlife.com's website at URL https://hollywoodlife.com/2021/12/27/kanye-west-buys-house-hidden-hills-across-the-street-kim-kardashian-photos/. After inquiry, Hollywoodlife.com advised Plaintiff that it had obtained a license for the images from Backgrid.

28. Plaintiff has also discovered his images displayed on the other Third-Party Publications accessible to the general public (*Exhibit 2-Infringement # 12-48*).

29. Each reproduction and display of Plaintiff's Photographs identified Defendants as the source for the unauthorized use of Plaintiff's copyright protected material.

30. Upon information and belief, the Photographs were selected by Defendants as they identified a property, which at the time, had a considerable amount of media attention, purchased by musician Kanye "Ye" West in his ongoing feud with former spouse, Kimberly Noel Kardashian.

31. Without permission or authorization from Plaintiff, Defendants volitionally selected, copied, stored, displayed and licensed Plaintiff's copyright protected Photographs as set forth in Exhibit "1" to the Third-Party Publications.

32. Upon information and belief, as a result of Defendants' conduct, the Photographs were copied, stored and displayed without license or permission no less then forty-eight (48) times, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement"* and collectively the "*Infringements*").

33. Plaintiff fully expects to learn of additional infringing uses stemming from unauthorized sales of licenses by Defendants of the Photographs during discovery and will thereafter seek to amend this Complaint accordingly.

34. Each of the now known Infringements includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

35. Each Infringement is an exact copy of the Plaintiff's original image.

36. Upon information and belief, the Photographs were willfully reproduced and licensed to the Third-Party Publications by Defendants.

37. Upon information and belief, Defendants engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

38. Upon information and belief, Defendants had at all times the legal

right and ability to control and limit the infringing activities via the Third-Party Publications and failed to exercise such rights to prevent the Infringements.

39. Upon information and belief, Defendants received a financial benefit directly attributable to the Infringements. Specifically, Defendants received licensing revenue from the Third-Party publications and others.

40. Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the various online mediums controlled by the Third-Party Publications.

41. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

42. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

43. Photographs 1-21 are original, creative works in which Plaintiff owns valid copyrights properly registered with the United States Copyright Office.

44. Plaintiff did not license Backgrid the right to use the Photographs 1-21 in any manner nor has Plaintiff assigned any of its exclusive rights to Backgrid.

45. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Backgrid improperly and illegally copied, stored, reproduced, distributed, and publicly displayed works copyrighted by Plaintiff thereby violating at least of one of Plaintiff's exclusive rights in its copyrights.

46. Backgrid's reproduction of the Photographs 1-21 and thereafter dissemination and licensure of the Photographs 1-21 to the Third-Party Publications constitutes willful copyright infringement. *Feist Publications, Inc. v.*

PLAINTIFF'S COMPLAINT

*Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

47. As a result of Backgrid's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

48. As a result of the Backgrid's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendants.

49. As a result of Backgrid's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

50. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

51. Photographs 1-21 are original, creative works in which Plaintiff owns valid copyrights properly registered with the United States Copyright Office.

52. Plaintiff did not license Grosby the right to use the Photographs 1-21 in any manner nor has Plaintiff assigned any of its exclusive rights to Grosby.

53. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Grosby improperly and illegally copied, stored, reproduced, distributed, and publicly displayed works copyrighted by Plaintiff thereby violating at least one of Plaintiff's exclusive rights in its copyrights.

54. Grosby's reproduction of the Photographs 1-21 and thereafter licensure of the Photographs to the Third-Party Publications constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

55. As a result of Grosby's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Grosby's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504I.

56. As a result of the Grosby''s violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attor'ey's fees and costs pursuant to 17 U.S.C. § 505 from Defendants.

57. As a result of Grosby''s violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502

## THIRD COUNT
*(Contributory Copyright Infringement)*

58. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

59. Backgrid herein has caused enabled, facilitated and materially contributed to third-party infringements by providing the Photographs 1-21 to the Third-Party Publications without the right to do so from Plaintiff.

60. Backgrid has a continuing relationship with the Third-Party Publications after distribution of the Photographs 1-21, as it is and remains a source for photographic content for the Third-Party Publications.

8
PLAINTIFF'S COMPLAINT

61. Backgrid is liable as contributory infringer since it had actual and/or constructive knowledge of the Third-Party Publications infringing conduct and induced, caused and/or materially contributed to that conduct. *See e.g., Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019 (9th Cir. 2001); *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417 (1984).

62. Backgrid''s conduct and contributory infringement is and has been willful, intentional, purposeful, and in disregard of the rights of Plaintiff, and has caused substantial damage to Plaintiff.

63. As a result of Backgrid''s violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Backgrid''s profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaint'ff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

64. As a result of the Backgrid''s violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attor'ey's fees and costs pursuant to 17 U.S.C. § 505 from Backgrid.

65. As a result of Backgrid''s violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502

### FOURTH COUNT
*(Contributory Copyright Infringement)*

66. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

67. Grosby herein has caused enabled, facilitated and materially contributed to the third-party infringements by directly or indirectly providing Photographs 1-21 to the Third-Party Publications.

68. Grosby has a continuing relationship with the Third-Party Publications and Backgrid after distribution of the Photographs as it is and remains a source for photographic content for the Third Party Publications as well as Backgrid.

69. Grosby is liable as contributory infringer since it had actual and/or constructive knowledge of the Third-Party Publisher's infringing conduct and induced, caused and/or materially contributed to that conduct. *See e.g., Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019 (9th Cir. 2001); *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417 (1984).

70. Grosby"'s conduct and contributory infringement is and has been willful, intentional, purposeful, and in disregard of the rights of Plaintiff, and has caused substantial damage to Plaintiff.

71. As a result of Grosby's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Grosby's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

72. As a result of the Grosby's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Grosby.

73. As a result of Grosby's violations of Title 17 of the U.S. Code,

Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

74. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendants have infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. finding that Defendants directly infringed upon Plaintiff's copyright interest in the Photographs by copying, displaying, and licensing Plaintiff's works without license or consent from Plaintiff;

b. finding that Defendants contributorily infringed upon Plaintiff's copyright interest in the Photographs by providing third-parties with copies of Plaintiff's Photographs without license or consent from Plaintiff to do so;

c. for an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

d. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

e. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

f. for pre-judgment and post-judgment interest as permitted by law; and

g. for any other relief the Court deems just and proper.

DATED: February 02, 2023

**SANDERS LAW GROUP**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq. (Cal Bar 284397)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 127204
*Attorneys for Plaintiff*