Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:    (949) 258-5081

*Attorney for Defendant,*
Backgrid USA, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GUILLORY,<br><br>        Plaintiff,<br><br>v.<br><br>BACKGRID USA, INC. and<br>THE GROSBY GROUP INC,<br><br>        Defendants. | Case No 2:23-cv-00776-FLA-RAOx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BACKGRID USA, INC.'S MOTION TO DISQUALIFY COUNSEL OF RECORD FOR PLAINTIFF ROBERT GUILLORY**<br><br>Complaint filed: February 2, 2023 |

# **TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................1

II.   STATEMENT OF KEY FACTS ...........................................................2

III.  LEGAL STANDARD.............................................................................5

    A.    THE LOCAL RULES OF THE CENTRAL DISTRICT OF
          CALIFORNIA...............................................................................5

    B.    THE RULES OF PROFESSIONAL RESPONSIBILITY ....................6

    C.    THE TEST FOR DISQUALIFICATION ............................................6

IV.   SANDERS HAD AN ATTORNEY-CLIENT RELATIONSHIP WITH
     BACKGRID..........................................................................................7

V.    SANDERS HAD A ROBUST ATTORNEY-CLIENT RELATIONSHIP
     WITH FAMEFLYNET THAT IS SUBSTANTIALLY RELATED TO
     BACKGRID..........................................................................................8

VI.   SANDERS SHOULD BE DISQUALIFIED FROM REPRESENTING
     PLAINTIFF AGAINST BACKGRID IN A PHOTOGRAPHY
     COPYRIGHT INFRINGMENT CASE BECAUSE THE MATTERS ARE
     SUBSTANTIALLY RELATED.............................................................9

VII.  BASED ON THE DEGREE OF INVOLVEMENT THERE IS A
     REASONABLE PROBABLY THAT CONFIDENCES WILL BE
     DISCLOSED OR USED WHICH PREJUDICES BACKGRID..................12

VIII. CONCLUSION....................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*All American Semiconductor, Inc. v. Hynix Semiconductor, Inc.*,
2008 WL 5484552 (Dec. 18, 2008) ....................................................... 8

*Barcroft Media, Ltd. et al v. Coed Media Group, LLC*,
1:16-cv-07634-JMF (S.D.N.Y. 2016) ..................................................... 5

*Barcroft Media Ltd. et. al. v. Ingstad Radio Washingont LLC et al.*,
1:16-cv-03178-TOR (E.D. WA. 2016) .................................................... 3

*Barcroft Media, Ltd. et al v. Mode Media Corporation*,
1:16-cv-07572-KBF (S.D.N.Y. 2016) ..................................................... 5

*Beery v. State Bar*,
43 Cal.3d 802 (1987) ......................................................................... 7

*BWP Media USA Inc. et al v. Anaheim Broadcasting et al.*,
5:16-cv-02117-CAS-SP (C.D. Cal. 2016) ............................................... 4

*BWP Media USA Inc. et al v. CC Marketing and Advertising, LLC et al*,
2:16-cv-05557-TJH-FFM (C.D. Cal. 2016) ............................................. 4

*BWP Media USA Inc. et al v. FanSided, Inc. et al.*,
1:16-cv-06224-PKC (S.D.N.Y. 2016) ..................................................... 5

*BWP Media USA Inc. et al v. Gannett Satellite Information Network LLC*,
1:16-cv-06898-DLC (S.D.N.Y. 2016) ..................................................... 5

*BWP Media USA Inc. et al v. Hollywood Fan Sites L.L.C. et al.*,
1:14-cv-00121-JPO (S.D.N.Y. 2014) ..................................................... 4

*BWP Media USA, Inc. et al v. KPopstars, Inc.*,
1:14-cv-07947-JMF (S.D.N.Y. 2014) ..................................................... 4

*BWP Media USA Inc. et al v. PANDAWHALE, INC.*,
5:15-cv-04661-BLF (N.D. Cal. 2015) ..................................................... 4

*BWP Media USA Inc. et al v. Queerty, Inc.*,
2:16-cv-07480-DSF-AGR (C.D. Cal. 2016) ............................................. 4

*BWP Media USA Inc. v. The Christian Post, Inc.*,
  2:14-cv-05897-PA-jpr (C.D. Cal. 2014) .............................................................. 3

*City & Cty. of San Francisco v. Cobra Sols., Inc.*,
  38 Cal. 4th 839 (2006) .................................................................................... 12

*City Nat'l Bank v. Adams*,
  96 Cal. App. 4th 315, 117 Cal. Rptr. 2d 125 (2002) .......................................... 7

*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.*,
  20 Cal. 4th 1135 (Cal. 1999) ............................................................................ 7

*Diva Limousine, Ltd. v. Uber Techs.*,
  2019 WL 144589 (N.D. Cal. Jan. 9, 2019) ........................................................ 10

*FameFlynet, Inc. et al v. AllHipHop.com LLC et al.*,
  1:16-cv-02210-PGG (S.D.N.Y. 2016) ................................................................ 5

*FameFlynet, Inc. et al v. Avatar Press, Inc.*,
  2:16-cv-00223-GHK-JC.................................................................................... 4

*FameFlynet, Inc. et al v. BlackSportsOnline*,
  LLC, 2:15-cv-08786-GW-GJS (C.D. Cal. 2015)................................................ 4

*FameFlynet, Inc. et al v. Broadblast Corporation et al.*,
  1:16-cv-01053-ALC (S.D.N.Y. 2016) ................................................................ 5

*FameFlynet, Inc. et al v. Cox Media Group, LLC et al.*,
  2:15-cv-01299-LDW-GXB (E.D.N.Y. 2015) ...................................................... 4

*FameFlynet, Inc. et al v. Cox Radio, Inc. et al.*,
  1:16-cv-07637-VEC (S.D.N.Y. 2016) ................................................................ 5

*FameFlynet, Inc. et. al. v. Cumulus Broadcasting LLC, et al.*,
  2:15-cv-01770-JAK-jpr (C.D. Cal. 2015)........................................................... 3

*FameFlynet, Inc. et al v. Defy Media, LLC*,
  1:15-cv-00024-PKC (S.D.N.Y. 2015) ................................................................ 4

*FameFlynet, Inc. et al v. Fashion Times LLC*,
  1:16-cv-00099-AJN (S.D.N.Y. 2016) ................................................................ 4

*FameFlynet, Inc. et al v. Gypsy 05, Inc.*,
  2:15-cv-07972-FMO-FFM (C.D. Cal. 2015) ...................................................... 4

iii

*FameFlynet, Inc. et al v. Heavy Inc. et al.,*
    1:15-cv-00025-LTS (S.D.N.Y. 2015) ..................................................4

*FameFlynet, Inc. et al v. HQ BRANDS LLC,*
    2:15-cv-07970-DSF-JPR (C.D. Cal. 2015) .......................................4

*FameFlynet, Inc. et al v. Illuminata Entertainment Corp. et al.,*
    1:16-cv-02053-JPO (S.D.N.Y. 2016) ..............................................5

*FameFlynet, Inc. et al. v. Instinct Publishing, Inc.,*
    2:150-cv-00903-GW-ks (C.D. Cal. 2015) .......................................3

*FameFlynet, Inc. et al v. Irish Central, LLC,*
    1:15-cv-00023-JGK (S.D.N.Y. 2015) ..............................................4

*FameFlynet, Inc. et al v. Looking for Larry Productions LLC,*
    1:15-cv-08301-LTS (S.D.N.Y. 2016) ..............................................4

*FameFlynet, Inc. et al v. Nice Kicks, LLC,*
    2:16-cv-05404-CBM-KS (C.D. Cal. 2016) ......................................4

*FameFlynet, Inc., et al v. One Green Planet LLC,*
    1:16-cv-03964-PAE (S.D.N.Y. 2016) ..............................................5

*FameFlynet, Inc. et al v. OxaMedia Corporation,*
    9:17-cv-80879-KAM (S.D. FL. 2017) ..............................................4

*FameFlynet, Inc. et al v. Patheos, Inc.,*
    2:15-cv-02046-GHK-as (C.D.Cal. 2015)..........................................3

*FameFlynet, Inc. et al v. Rickey LLC,*
    1:16-cv-03961-RA (S.D.N.Y. 2016)..................................................5

*FameFlynet, Inc. et al. v. Service Broadcasting Group LLC,*
    2:15-cv-01990-RGK-man (C.D. Cal. 2015) .....................................3

*FameFlynet, Inc. et al v. Sexyeatz, LLC,*
    1:15-cv-08702-ALC (S.D.N.Y. 2015) ..............................................4

*FameFlynet, Inc. et al v. Vastedge Inc. et al.,*
    2:15-cv-08367-CAS-PLA (C.D. Cal. 2016) .....................................4

*FameFlynet, Inc. et al v. Wisdom Digital Media, LLC,*
    1:15-cv-08587-ALC (S.D.N.Y. 2015) ..............................................4

iv

*FameFlynet, Inc. v. AMC Networks Inc. et al.*,
  1:16-cv-07571-LAP (S.D.N.Y. 2016).................................................................5

*FameFlynet, Inc. v. BCBG Max Azria Group, LLC*,
  1:16-cv-08041-JPO (S.D.N.Y. 2016) .................................................................5

*FameFlynet, Inc. v. Bebe*
  *au Lait LLC,* 1:16-cv-08052-VSB (S.D.N.Y. 2016).........................................5

*FameFlynet, Inc. v. Blacksportsonline, LLC et al*,
  2:17-cv-05292-JFW-KS (C.D. Cal. 2017) .........................................................4

*FameFlynet, Inc. v. Breitbart News Network, LLC*,
  2:17-cv-05416-TJH-AS (C.D. Cal. 2017)..........................................................4

*FameFlynet, Inc. v. CBS Broadcasting Inc. et al*,
  1:16-cv-07498-GBD (S.D.N.Y. 2016) ...............................................................5

*FameFlynet, Inc. v. CPX Interactive LLC*,
  2:16-cv-05616-SJF-GXB (E.D.N.Y. 2016) ........................................................4

*FameFlynet, Inc. v. Cumulus Media Inc.*,
  1:17-cv-05651-AJN (S.D.N.Y. 2017) ................................................................5

*FameFlynet, Inc. v. Equity Communications, L.P.*,
  1:16-cv-07514-WHP (S.D.N.Y. 2016) ..............................................................5

*FameFlynet, Inc. v. Evanov Radio Group*,
  1:16-cv-08040-LTS.............................................................................................5

*FameFlynet, Inc. v. Feel The Piece, LLC*,
  2:17-cv-05406-FMO-GJS (C.D. Cal. 2017) ......................................................4

*FameFlynet, Inc. v. Fox News Network, LLC*,
  1:15-cv-08929-ER (S.D.N.Y. 2015) ..................................................................4

*FameFlynet, Inc. v. The Full Picture, LLC et al.*,
  1:16-cv-03940-PKC (S.D.N.Y. 2016) ...............................................................5

*FameFlynet, Inc. v. Gannett Satellite Information Network, Inc.*,
  2:15-cv-02907-ODW-AJW (C.D. Cal. 2015).....................................................4

*FameFlynet, Inc. v. Gannett Satellite Information Network, LLC*,
  1:17-cv-00156-DLC (S.D.N.Y. 2017) ...............................................................5

v

*FameFlynet, Inc. v. Gawker Media LLC et al.*,
    1:15-cv-02471-SAS (S.D.N.Y. 2015) ........................................................ 4

*FameFlynet, Inc. v. Genetic Denim, LLC*,
    2:15-cv-07967-JAK-PLA (C.D. Cal. 2015) ............................................... 4

*FameFlynet, Inc. v. Grendene USA, Inc. et al.*,
    1:16-cv-07835-JSR (S.D.N.Y. 2016) ........................................................ 5

*FameFlynet, Inc. v. Here Publishing Inc. et al*,
    1:16-cv-07570-ALC (S.D.N.Y. 2016) ....................................................... 5

*FameFlynet, Inc. v. Holadoctor, Inc.*,
    2:15-cv-08371-AB-RAO (C.D. Cal. 2015) .............................................. 4

*FameFlynet, Inc. v. Hollywood Fan Sites LLC et al*,
    1:15-cv-00412-JPO (S.D.N.Y. 2017) ....................................................... 4

*FameFlynet, Inc. v. HowStuffWorks, LLC et al.*,
    1:16-cv-07649-DAB (S.D.N.Y. 2016) ...................................................... 5

*FameFlynet, Inc. v. IBT Media Inc.*,
    1:15-cv-08388-LGS (S.D.N.Y. 2015) ....................................................... 4

*FameFlynet, Inc. v. Jasmine Enterprises Incorporated*,
    1:16-cv-07632-VEC (S.D.N.Y. 2016) ...................................................... 5

*FameFlynet, Inc. v. Jasmine Enterprises Incorporated*,
    1:17-cv-04749 (N.D. Ill. 2019) ................................................................. 4

*FameFlynet, Inc. v. JD Fine and Company, Inc.*,
    2:16-cv-07484-MWF-AS (C.D. Cal. 2016) ............................................. 4

*FameFlynet, Inc. v. Jordache Enterprises, Inc.*,
    1:15-cv-08312-RWS (S.D.N.Y. 2016) ..................................................... 4

*FameFlynet, Inc. v. Julep Beauty, Inc.*,
    2:15-cv-02854-R-jc (C.D. Cal. 2015) ....................................................... 4

*FameFlynet, Inc. v. KASW-TV, Inc.*,
    2:15-cv-02906-DMG-VBK (C.D. Cal. 2015) .......................................... 4

*FameFlynet, Inc. v. Knowles et al.*,
    1:17-cv-00699-LY (W.D. Tex. 2017) ........................................................ 5

vi

*FameFlynet, Inc. v. The Latin Post Company LLC,*
     1:15-cv-08305-WHP (S.D.N.Y. 2017) .................................................. 4

*FameFlynet, Inc. v. LKCM Radio Group, L.P.,*
     4:16-cv-00125-A (N.D. Tex. 2016) ..................................................... 5

*FameFlynet, Inc. v. Lyric Jeans, Inc.,*
     2:14-cv-09768-FMO-rz (C.D. Cal. 2014).............................................. 3

*FameFlynet, Inc. v. Marco Polo Publications, Inc.,*
     2:17-cv-05282-AG-JC (C.D. Cal. 2017)............................................... 4

*FameFlynet, Inc. v. MG Editions, Inc.,*
     1:15-cv-00027-PAC (S.D.N.Y. 2015) .................................................. 4

*FameFlynet, Inc. v. Midway Broadcasting Corporation,*
     1:16-cv-04662 (N.D. Ill. 2016) ........................................................... 4

*FameFlynet, Inc. v. Miss Jessies LLC,*
     1:16-cv-00199-DAB (S.D.N.Y. 2016) .................................................. 4

*FameFlynet, Inc. v. Music Times LLC et al.,*
     1:17-cv-05653-JPO (S.D.N.Y. 2017) ................................................... 5

*FameFlynet, Inc. v. NBCUniversal Media, LLC et al.,*
     1:16-cv-07576-NRB (S.D.N.Y. 2016) .................................................. 5

*FameFlynet, Inc. v. Neuhoff Media Springfield, LLC,*
     2:15-cv-08784-PA-E (C.D. Cal. 2015) ................................................. 4

*FameFlynet, Inc. v. Oceans Together Inc. et al,*
     2:17-cv-05286-SJO-MRW (C.D. Cal. 2017) ......................................... 4

*FameFlynet, Inc. v. Quintessential Tots, LLC*
     2:2017cv05281 (C.D. Cal. 2017) ......................................................... 4

*FameFlynet, Inc. v. Sengstaken Enterprises, Inc.,*
     2:17-cv-07103-AB-RAO (C.D. Cal. 2017).............................................. 4

*FameFlyNet, Inc. v. The Shoshanna Collection, LLC,*
     1:16-cv-07645 (S.D.N.Y. 2016)........................................................... 3

*FameFlynet, Inc. v. Swish Suits LLC,*
     2:15-cv-08368-JFW-AJW (C.D. Cal. 2015)........................................... 4

vii

*FameFlynet, Inc. v. T-Bags, LLC*,
    2:15-cv-07990-ODW-MRW (C.D. Cal. 2015) ...................................................... 4

*FameFlynet, Inc. v. TaliCorp*,
    2:16-cv-07485-R-JC (C.D. Cal. 2016) ...................................................... 4

*FameFlynet, Inc. v. Time Inc.*,
    1:16-cv-02114-LAK (S.D.N.Y. 2016) ...................................................... 5

*FameFlynet, Inc. v. Tribune Company*,
    2:15-cv-08370-GW-JC (C.D. Cal. 2015) ...................................................... 4

*FameFlynet, Inc. v. UPROXX Media, Inc. et al.*,
    1:16-cv-07833-DLC (S.D.N.Y. 2016) ...................................................... 5

*FameFlynet, Inc. v. Viacom International Inc.*,
    1:16-cv-02172-VSB (S.D.N.Y. 2016) ...................................................... 5

*FameFlynet, Inc. v. The Wrap News, Inc.*,
    2:17-cv-05417-RGK-JC (C.D. Cal. 2018) ...................................................... 4

*FameFlynet, Inc. v. XO Group Inc.*,
    1:17-cv-05464-LAK-JLC (S.D.N.Y. 2017) ...................................................... 5

*FameFlynet, Inc. v. Ziff Davis, LLC*,
    1:16-cv-07648-KPF (S.D.N.Y. 2016) ...................................................... 5

*Jessen v. Hartford Cas. Ins. Co.*,
    3 Cal. Rptr. 3d 877 (Ct. App. 2003) ...................................................... 10

*Monster Energy Company v. Vital Pharmaceuticals*,
    2018 WL 6431870 (C.D. Cal. 2018) ...................................................... 9, 10

*Morrison Knudsen Corp., v. Hancock, Rothert & Bunshoft*,
    69 Cal.App.4th 223 (1999) ...................................................... 8

*Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft*,
    81 Cal. Rptr. 2d 425 (1999) ...................................................... 9

*National Photo Group, LLC et al v. B. Scott Media, LLC*,
    2:16-cv-05523-DMG-AFM (C.D. Cal. 2016) ...................................................... 4

*National Photo Group, LLC et al v. IFWT, Inc. et al.*,
    7:16-cv-07866-NSR-LMS (S.D.N.Y. 2016) ...................................................... 5

*National Photo Group, LLC et al. v. Midley, Inc.*,
    2:15-cv-00760-R-JC (C.D. Cal. 2015) ................................................................ 3

*National Photo Group, LLC et al v. Rogers Media, Inc. et a*l.,
    1:15-cv-02200-RRM-MDG (E.D.N.Y. 2015) ...................................................... 4

*National Photo Group, LLC v. JET Corp. et al.*,
    2:14-cv-07373-CAS (C.D. Cal. 2014) ................................................................. 3

*Trone v. Smith*,
    621 F.2d 994 (9th Cir. 1980) .............................................................................. 6

*W. Sugar Coop. v. Archer-Daniels-Midland Co.*,
    98 F. Supp. 3d 1074 (C.D. Cal. 2015) ............................................................. 10

*William H. Raley, Co. v. Superior Cour*t,
    149 Cal.App.3d, 197 Cal.Rptr. 232 .................................................................... 8

**Statutes**

Business and Professions Code section 6068 ...................................................... 12

**Other Authorities**

Cal R. Prof. Conduct 1.9, Comment 3 ................................................................. 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ix

## I.     INTRODUCTION

A client's trust and confidence in counsel is paramount to the effective functioning of the fiduciary relationship. Counsel for Plaintiff, Mr. Sanders, obtained privileged and highly sensitive information from Backgrid's principals during the course of an attorney-client relationship with Backgrid and another entity, FameFlyNet, in relation to copyright enforcement actions. He possesses information that will necessarily inform his strategy in this case. To maintain the public's trust in attorneys, he must be disqualified.

Backgrid met with plaintiff's counsel, Mr. Sanders, when he, along with a consultant who assists him in prosecuting copyright actions, discussed Mr. Sanders' representation of Backgrid in future copyright cases. During Backgrid's communications with Mr. Sanders, Backgrid understood that they were privileged and confidential. Among other things, Backgrid gave Mr. Sanders access to a password protected server accessible to only a select group of people. Backgrid also provided Mr. Sanders information about its business structure, strategy for enforcement and protection of copyrighted material, relationships with photographers, and its process for registering its copyrights. Backgrid also received legal advice from Mr. Sanders with respect to copyright infringement actions.

While Backgrid never formally retained Mr. Sanders, two of Backgrid's principals and decision makers retained Mr. Sanders to prosecute the copyright infringement claims then held by another photograph licensing entity, FameFlyNet. FameFlyNet has only two principals[1]. Mr. Sanders represented FameFlyNet in about 100 cases in which it asserted willful copyright infringement against other parties.  During the course of his representation, he had numerous

---

[1] During the course of Mr. Sanders' representation, FameFlyNet had three principals and later two principals.

1

communications with FameFlyNet-now-Backgrid principals about settlement, negotiation strategy, factors relating to what makes a party a "willful" infringer, and which disputes were prioritized over others and why some disputes might be deemed more important than others.  Those same two people are decision makers for Backgrid and their thoughts about settlement, negotiation, willfulness, and prioritizing matters have not changed just because they work with a different entity.

Moreover, a vast majority of the FameFlyNet library that Mr. Sanders prosecuted is and has been licensed and enforced by Backgrid since 2017. Mr. Sanders was involved in communications about enforcing that library in 2019. Kantif Decl., Ex. B (*see* the reference to three spreadsheets, each of which contain proprietary information about copyright enforcement of the FameFlyNet library).

Now Mr. Sanders is bringing a copyright infringment action in which plaintiff asserts Backgrid willfully infringed plaintiff's copyrights. Aside from learning confidential information about Backgrid's copyright prosecution history and business structure, Mr. Sanders has extensive knowledge of at least two of Backgrid's principals' settlement negotiation history, knowledge of copyright law, and strategy, as well as the very works that Backgrid now enforces.  His prosecution of this case undermines Backgrid's (and the public's) confidence in the legal profession because he will be able to use the confidences of Backgrid and FameFlyNet-now-Backgrid principals against them. Indeed, Backgrid has serious concerns that Mr. Sanders is already using their privileged information to inform plaintiff's negotiation strategy. Cosman Decl., ¶ 3.

## II.    STATEMENT OF KEY FACTS

Backgrid USA, Inc. is a celebrity photography business that licenses its photographs to major media outlets. When it confronts copyright infringement, it takes efforts to enforce its rights to protect the value of its works and its licensing business.  For that reason, Backgrid will, among other enforcement efforts, file

2

lawsuits against willful copyright infringers.

In July 2017, Mr. Sanders met with Backgrid about pursuing copyright infringers, along with a company called Picture Protection Services. Kantif Decl., ¶ 2.  Mr. Sanders and Backgrid discussed legal issues relating to copyright infringement enforcement and the business structure of Backgrid.[2]  Kantif Decl. Ex. A, B. While ultimately, Mr. Sanders was not formally retained by Backgrid USA, Inc. for litigation, Backgrid shared information with Mr. Sanders and/or his consultant about its business structure, strategy for enforcement and protection of copyrighted material, relationship with photographers, and its process for registering its copyrights. Kantif Decl. ¶ 2. Backgrid also shared with Mr. Sanders, through Picture Protection Services, access to its proprietary software, which is available to only a select group of people/companies who have been given a username and password. Kantif ¶ 5. That software provides real time updates of photographs available for license. *Id.*

Mr. Sanders was retained by FameFlyNet, which is a photograph agency owned by two of Backgrid's principals. FameFlyNet's two principals are both decision makers in Backgrid.[3]

---

[2] The email attached as Exhibit B to Mr. Kantif's declaration reflects legal advice and enforcement strategy provided by a non-lawyer who worked with Mr. Sanders at Picture Protection Services. Mr. Sanders was the only attorney on that email exchange.  The e-mail is redacted because the information is privileged.

[3] Mr. Sanders was, however, retained by Fame Fly Net, which is owned by two principals, Boris Nizon and Scott Cosman, who are also principals of Backgrid. FameFlyNet owned the rights to celebrity photographs that it licenses to media outlets. Mr. Sanders represented Fame Fly Net in the following copyright infringement actions:  *FameFlyNet, Inc. v. The Shoshanna Collection, LLC,* 1:16-cv-07645 (S.D.N.Y. 2016); *BWP Media USA Inc. v. The Christian Post, Inc.,* 2:14-cv-05897-PA-jpr (C.D. Cal. 2014); *National Photo Group, LLC v. JET Corp. et al.,* 2:14-cv-07373-CAS (C.D. Cal. 2014); *FameFlynet, Inc. v. Lyric Jeans, Inc.,* 2:14-cv-09768-FMO-rz (C.D. Cal. 2014); *Barcroft Media Ltd. et al. v. Ingstad Radio Washingont LLC et al.,* 1:16-cv-03178-TOR (E.D. WA. 2016);  FameFlyNet, Inc. v. SpinMedia Group, Inc., 2:14-cv-9770-DDP-pla (C.D. Cal. 2014); *National Photo Group, LLC et al. v. Midley, Inc.,* 2:15-cv-00760-R-JC (C.D. Cal. 2015); *FameFlynet, Inc. et al. v. Instinct Publishing, Inc.,* 2:150-cv-00903-GW-ks (C.D. Cal. 2015); FameFlynet, Inc. v. Sunbeam Television Corp., 2:15-cv-01663-RGK-ajw (C.D. Cal. 2015); *FameFlynet, Inc. et. al. v. Cumulus Broadcasting LLC, et al.,* 2:15-cv-01770-JAK-jpr (C.D. Cal. 2015); *FameFlynet, Inc. et al. v. Service Broadcasting Group LLC,* 2:15-cv-01990-RGK-man (C.D. Cal. 2015); *FameFlynet, Inc. et al v. Patheos, Inc.,* 2:15-cv-02046-GHK-as

(C.D.Cal. 2015); *FameFlynet, Inc. v. Julep Beauty, Inc.*, 2:15-cv-02854-R-jc (C.D. Cal. 2015); *FameFlynet, Inc. v. KASW-TV, Inc.*, 2:15-cv-02906-DMG-VBK (C.D. Cal. 2015); *FameFlynet, Inc. v. Gannett Satellite Information Network, Inc.*, 2:15-cv-02907-ODW-AJW  (C.D. Cal. 2015); *FameFlynet, Inc. v. Genetic Denim, LLC* (C.D. Cal. 2015); *FameFlynet, Inc. et al v. HQ BRANDS LLC*, 2:15-cv-07970-DSF-JPR (C.D. Cal. 2015); *FameFlynet, Inc. et al v. Gypsy 05, Inc.*, 2:15-cv-07972-FMO-FFM (C.D. Cal. 2015); *FameFlynet, Inc. v. T-Bags, LLC*, 2:15-cv-07990-ODW-MRW (C.D. Cal. 2015); *FameFlynet, Inc. et al v. Vastedge Inc. et al.*, 2:15-cv-08367-CAS-PLA (C.D. Cal. 2016); *FameFlynet, Inc. v. Swish Suits LLC*, 2:15-cv-08368-JFW-AJW (C.D. Cal. 2015); *FameFlynet, Inc. v. Tribune Company*, 2:15-cv-08370-GW-JC (C.D. Cal. 2015); *FameFlynet, Inc. v. Holadoctor, Inc.*, 2:15-cv-08371-AB-RAO (C.D. Cal. 2015); *FameFlynet, Inc. v. Neuhoff Media Springfield, LLC*, 2:15-cv-08784-PA-E (C.D. Cal. 2015); *FameFlynet, Inc. et al v. BlackSportsOnline*, LLC, 2:15-cv-08786-GW-GJS (C.D. Cal. 2015); *FameFlynet, Inc. et al v. Avatar Press, Inc.*, 2:16-cv-00223-GHK-JC; *FameFlynet, Inc. et al v. Nice Kicks, LLC*, 2:16-cv-05404-CBM-KS (C.D. Cal. 2016); *National Photo Group, LLC et al v. B. Scott Media, LLC*, 2:16-cv-05523-DMG-AFM (C.D. Cal. 2016); *BWP Media USA Inc. et al v. CC Marketing and Advertising, LLC et al*, 2:16-cv-05557-TJH-FFM,  (C.D. Cal. 2016); *BWP Media USA Inc. et al v. Anaheim Broadcasting et al.*, 5:16-cv-02117-CAS-SP (C.D. Cal. 2016); *BWP Media USA Inc. et al v. Queerty, Inc.*, 2:16-cv-07480-DSF-AGR (C.D. Cal. 2016); *FameFlynet, Inc. v. JD Fine and Company, Inc.*, 2:16-cv-07484-MWF-AS (C.D. Cal. 2016); *FameFlynet, Inc. v. TaliCorp*, 2:16-cv-07485-R-JC (C.D. Cal. 2016); *FameFlynet, Inc. v. Quintessential Tots, LLC* 2:2017cv05281 (C.D. Cal. 2017); *FameFlynet, Inc. v. Marco Polo Publications, Inc.*, 2:17-cv-05282-AG-JC (C.D. Cal. 2017); *FameFlynet, Inc. v. Oceans Together Inc. et al*, 2:17-cv-05286-SJO-MRW (C.D. Cal. 2017); *FameFlynet, Inc. v. Blacksportsonline, LLC et al*, 2:17-cv-05292-JFW-KS (C.D. Cal. 2017); *FameFlynet, Inc. v. Feel The Piece, LLC*, 2:17-cv-05406-FMO-GJS (C.D. Cal. 2017); *FameFlynet, Inc. v. Breitbart News Network, LLC*,  2:17-cv-05416-TJH-AS (C.D. Cal. 2017); *FameFlynet, Inc. v. The Wrap News, Inc.*, 2:17-cv-05417-RGK-JC (C.D. Cal. 2018); *FameFlynet, Inc. v. Sengstaken Enterprises, Inc.*, 2:17-cv-07103-AB-RAO (C.D. Cal. 2017); *BWP Media USA Inc. et al v. PANDAWHALE, INC.*, 5:15-cv-04661-BLF (N.D. Cal. 2015); *FameFlynet, Inc. et al v. OxaMedia Corporation*, 9:17-cv-80879-KAM (S.D. FL. 2017); *FameFlynet, Inc. v. Midway Broadcasting Corporation*, 1:16-cv-04662 (N.D. Ill. 2016); *FameFlynet, Inc. v. Jasmine Enterprises Incorporated*, 1:17-cv-04749 (N.D. Ill. 2019); *FameFlynet, Inc. et al v. Cox Media Group, LLC et al.*, 2:15-cv-01299-LDW-GXB (E.D.N.Y. 2015); *National Photo Group, LLC et al v. Rogers Media, Inc. et al.*, 1:15-cv-02200-RRM-MDG (E.D.N.Y. 2015); *FameFlynet, Inc. v. CPX Interactive LLC*, 2:16-cv-05616-SJF-GXB (E.D.N.Y. 2016); *BWP Media USA Inc. et al v. Hollywood Fan Sites*, L.L.C. et al., 1:14-cv-00121-JPO (S.D.N.Y. 2014); *BWP Media USA, Inc. et al v. KPopstars, Inc.*, 1:14-cv-07947-JMF (S.D.N.Y. 2014); *FameFlynet, Inc. et al v. Heavy Inc. et al.*, 1:15-cv-00025-LTS (S.D.N.Y. 2015); *FameFlynet, Inc. et al v. Defy Media, LLC*, 1:15-cv-00024-PKC (S.D.N.Y. 2015); *FameFlynet, Inc. et al v. Irish Central, LLC*, 1:15-cv-00023-JGK (S.D.N.Y. 2015); *FameFlynet, Inc. v. MG Editions, Inc.*, 1:15-cv-00027-PAC (S.D.N.Y. 2015); *FameFlynet, Inc. v. Hollywood Fan Sites LLC et al*, 1:15-cv-00412-JPO (S.D.N.Y. 2017); *FameFlynet, Inc. v. Gawker Media LLC et al.*, 1:15-cv-02471-SAS (S.D.N.Y. 2015); *FameFlynet, Inc. et al v. Looking for Larry Productions LLC*, 1:15-cv-08301-LTS (S.D.N.Y. 2016); *FameFlynet, Inc. v. The Latin Post Company LLC*, 1:15-cv-08305-WHP (S.D.N.Y. 2017); *FameFlynet, Inc. v. Jordache Enterprises, Inc.*, 1:15-cv-08312-RWS (S.D.N.Y. 2016); *FameFlynet, Inc. v. IBT Media Inc.*, 1:15-cv-08388-LGS (S.D.N.Y. 2015); *FameFlynet, Inc. et al v. Wisdom Digital Media, LLC*, 1:15-cv-08587-ALC (S.D.N.Y. 2015); *FameFlynet, Inc. et al v. Sexyeatz, LLC*, 1:15-cv-08702-ALC (S.D.N.Y. 2015);  *FameFlynet, Inc. v. Fox News Network, LLC*, 1:15-cv-08929-ER (S.D.N.Y. 2015); *FameFlynet, Inc. et al v. Fashion Times LLC*, 1:16-cv-00099-AJN (S.D.N.Y. 2016); *FameFlynet, Inc. v. Miss Jessies LLC* (S.D.N.Y. 2016);

4

1   Subsequently, a vast majority of the FameFlyNet library that Mr. Sanders

2   prosecuted extensively, is and has been licensed by and protected by Backgrid

3   since 2017.  Kantif Decl.¶ 2.

4   In this lawsuit, Mr. Sanders represents a photographer, who has sued

5   Backgrid for copyright infringement and is claiming that Backgrid willfully

6   infringed his works.  The confidential information Mr. Sanders has is directly

7   relevant to this litigation.

8   **III.   LEGAL STANDARD**

9   **A.   THE LOCAL RULES OF THE CENTRAL DISTRICT OF**

10

11   ─────────────────

12   *FameFlynet, Inc. et al v. Broadblast Corporation et al.*, 1:16-cv-01053-ALC (S.D.N.Y. 2016); *FameFlynet, Inc. et al v. Illuminata Entertainment Corp. et al.*, 1:16-cv-02053-

13   JPO (S.D.N.Y. 2016); *FameFlynet, Inc. v. Time Inc.*, 1:16-cv-02114-LAK (S.D.N.Y. 2016); *FameFlynet, Inc. v. Viacom International Inc.*, 1:16-cv-02172-VSB (S.D.N.Y.

14   2016); *FameFlynet, Inc. et al v. AllHipHop.com LLC et al.*, 1:16-cv-02210-PGG (S.D.N.Y. 2016); *FameFlynet, Inc. v. The Full Picture, LLC et al.*, 1:16-cv-03940-PKC

15   (S.D.N.Y. 2016); *FameFlynet, Inc. et al v. Rickey LLC*, 1:16-cv-03961-RA (S.D.N.Y. 2016); *BWP Media USA Inc. et al v. FanSided, Inc. et al.*, 1:16-cv-06224-PKC (S.D.N.Y.

16   2016); *BWP Media USA Inc. et al v. Gannett Satellite Information Network*, LLC, 1:16-cv-06898-DLC (S.D.N.Y. 2016); *FameFlynet, Inc. v. CBS Broadcasting Inc. et al*, 1:16-

17   cv-07498-GBD (S.D.N.Y. 2016); *FameFlynet, Inc. v. Equity Communications, L.P.*, 1:16-cv-07514-WHP (S.D.N.Y. 2016); *FameFlynet, Inc. v. Here Publishing Inc. et al*, 1:16-cv-

18   07570-ALC (S.D.N.Y. 2016); *FameFlynet, Inc. v. AMC Networks Inc. et al.*, 1:16-cv-07571-LAP (S.D.N.Y. 2016); *Barcroft Media, Ltd. et al v. Mode Media Corporation*,

19   1:16-cv-07572-KBF (S.D.N.Y. 2016); *FameFlynet, Inc. v. NBCUniversal Media, LLC et al.*, 1:16-cv-07576-NRB (S.D.N.Y. 2016); *FameFlynet, Inc. v. Jasmine Enterprises*

20   *Incorporated*, 1:16-cv-07632-VEC (S.D.N.Y. 2016); *Barcroft Media, Ltd. et al v. Coed Media Group, LLC*, 1:16-cv-07634-JMF (S.D.N.Y. 2016); *FameFlynet, Inc. et al v. Cox*

21   *Radio, Inc. et al.*, 1:16-cv-07637-VEC (S.D.N.Y. 2016); *FameFlynet, Inc. v. Ziff Davis, LLC*, 1:16-cv-07648-KPF (S.D.N.Y. 2016); *FameFlynet, Inc. v. HowStuffWorks, LLC et*

22   *al.*, 1:16-cv-07649-DAB (S.D.N.Y. 2016); *FameFlynet, Inc. v. UPROXX Media, Inc. et al.*, 1:16-cv-07833-DLC (S.D.N.Y. 2016); *FameFlynet, Inc. v. Grendene USA, Inc. et al.*,

23   1:16-cv-07835-JSR (S.D.N.Y. 2016); *National Photo Group, LLC et al v. IFWT, Inc. et al.*, 7:16-cv-07866-NSR-LMS (S.D.N.Y. 2016); *FameFlynet, Inc. v. Evanov Radio*

24   *Group*, 1:16-cv-08040-LTS, *FameFlynet, Inc. v. BCBG Max Azria Group, LLC*, 1:16-cv-08041-JPO (S.D.N.Y. 2016); *FameFlynet, Inc. v. Bebe au Lait LLC*, 1:16-cv-08052-VSB

25   (S.D.N.Y. 2016); *FameFlynet, Inc. v. Gannett Satellite Information Network, LLC*, 1:17-cv-00156-DLC (S.D.N.Y. 2017); *FameFlynet, Inc. v. XO Group Inc.*, 1:17-cv-05464-

26   LAK-JLC (S.D.N.Y. 2017); *FameFlynet, Inc. v. Cumulus Media Inc.*, 1:17-cv-05651-AJN (S.D.N.Y. 2017); *FameFlynet, Inc. v. Music Times LLC et al.*, 1:17-cv-05653-JPO

27   (S.D.N.Y. 2017); *FameFlynet, Inc. v. LKCM Radio Group, L.P.*, 4:16-cv-00125-A (N.D. Tex. 2016); *FameFlynet, Inc. v. Knowles et al.*, 1:17-cv-00699-LY (W.D. Tex. 2017);

28   *FameFlynet, Inc., et al v. One Green Planet LLC*, 1:16-cv-03964-PAE (S.D.N.Y. 2016). Cosman Decl., ¶ 1.

5

**CALIFORNIA**

Pursuant to Local Rule 83, each attorney before the court must "comply with the standards of professional conduct required of members of the State Bar of California []." C.D. Cal. Civ. Local Rule 83-3.1.2.  Disqualification of counsel may arise where counsel has violated applicable standards of professional conduct, including conflicts of interest. *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980).

**B.      THE RULES OF PROFESSIONAL RESPONSIBILITY**

Rule of Professional Responsibility 1.9 provides that "(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed written consent."

Comment 1 to Rule 1.9 further provides that "[a]fter termination of a lawyer-client relationship, the lawyer owes two duties to a former client. The lawyer may not (i) do anything that will injuriously affect the former client in any matter in which the lawyer represented the former client, or (ii) at any time use against the former client knowledge or information acquired by virtue of the previous relationship."

**C.      THE TEST FOR DISQUALIFICATION**

The judicial test for disqualification is the "substantial relationship" test. *Trone v. Smith*, 621 F.2d 994, 998 (9th Cir. 1980); *see also Gas–A–Tron*, 534 F.2d at 1325.  In this inquiry, an attorney should be disqualified if he currently represents a party adverse to a former client and the later case is substantially related to the earlier matter. *Trone*, 621 F.2d at 998. Two matters are the same or substantially related if they involve a "substantial risk of a violation of one of the two duties to a former client described above in Comment [1]." Cal R. Prof. Conduct 1.9, Comment 3. In such a situation, "[t]he court will assume that during

6

the course of the former representation confidences were disclosed to the attorney bearing on the subject matter of the representation. It will not inquire into their nature and extent." *City Nat'l Bank v. Adams*, 96 Cal. App. 4th 315, 324-25, 117 Cal. Rptr. 2d 125 (2002).

"The fiduciary relationship existing between lawyer and client extends to preliminary consultations by a prospective client with a view to retention of the lawyer. This is so even if actual employment does not result." *Beery v. State Bar*, 43 Cal.3d 802, 811 (1987). When a party seeking legal advice consults an attorney at law and secures that advice, the relation of attorney and client is established prima facie. *People ex rel. Dept of Corporations*, 20 Cal. 4th at 1148. An attorney represents a client for purposes of a conflict-of-interest analysis when the attorney knowingly obtains material and confidential information from the client and renders legal advice or services as a result, *Beery*, 43 Cal.3d at 811; *People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.*, 20 Cal. 4th 1135, 1148 (Cal. 1999). "Even the briefest conversation between a lawyer and a client can result in the disclosure of confidences." *Id.* (*quoting Novo Terapeutisk, etc. v. Baxter Travenol Lab*. 607 F.2d 186, 195 (7th Cir. 1979)). Once an attorney is properly disqualified, his law firm as a whole is vicariously disqualified. *Id.*

## IV. SANDERS HAD AN ATTORNEY-CLIENT RELATIONSHIP WITH BACKGRID

While Backgrid never retained Mr. Sanders, it received legal advice from him and provided him with confidential information, which is sufficient to create a fiduciary relationship for purposes of a conflict-of-interest analysis. *Beery*, 43 Cal.3d at 811; *People ex rel. Dept. of Corporations,* 20 Cal. 4th at 1148 ("An attorney represents a client—for purposes of a conflict of interest analysis—when the attorney knowingly obtains material confidential information from the client and renders legal advice or services as a result."; "'The fiduciary relationship existing between lawyer and client extends to preliminary consultations by a

7

1  prospective client with a view to retention of the lawyer, although actual

2  employment does not result.'")

3          Backgrid had communications with Mr. Sanders regarding its copyright

4  enforcement efforts against parties who infringe upon Backgrid's works and gave

5  Mr. Sanders access to proprietary software and materials in addition to

6  information about its business structure, strategy for enforcement and protection

7  of copyrighted material, relationship with photographers, and its process for

8  registering its copyrights. Kantif Decl., ¶ 3, 5. Backgrid understood that its

9  communications with Mr. Sanders were privileged and confidential. *Id.* at ¶ 6.

10  Backgrid and Sanders shared highly proprietary information which related to the

11  identity of FameFlyNet's infringers. Backgrid currently holds the rights to license

12  and enforce FameFlyNet's copyrighted material. *Id.* *Id.* ¶ 4, Ex. B.

13  **V.    SANDERS HAD A ROBUST ATTORNEY-CLIENT RELATIONSHIP**

14  **WITH FAMEFLYNET THAT IS SUBSTANTIALLY RELATED TO**

15  **BACKGRID**

16          When "an attorney has received information from one affiliate which is

17  substantially related to a claim against another affiliate, the attorney should

18  ordinarily be disqualified from advancing that claim against the other affiliate."

19  *Morrison Knudsen Corp., v. Hancock, Rothert & Bunshoft,* 69 Cal.App.4th 223

20  (1999); *William H. Raley, Co. v. Superior Cour*t, 149 Cal.App.3d at p. 1049, 197

21  Cal.Rptr. 232. (attorney's receipt of confidential information *from a nonclient*

22  may lead to the attorney's disqualification). The parties need not be affiliated to

23  trigger disqualification when the lawyer obtains confidential information learned

24  during the course of an attorney-client relationship. In *All American*

25  *Semiconductor, Inc. v. Hynix Semiconductor, Inc.,* 2008 WL 5484552, *7 (Dec.

26  18, 2008), an attorney received confidential information about the opposing party,

27  Infineon, in the course of representing its executive in a criminal proceeding

28  which was a related litigation. The executive and Infineon had a joint defense

1   agreement. The court disqualified the attorney because " a conflict of interest

2   [exists] insofar as he possesses confidential information that is material to the

3   evaluation, prosecution, settlement or accomplishment of the current

4   representation given its factual and legal issues."

5       Backgrid has four principals; two of those principals, Boris Nizon and Scott

6   Cosman are the sole principals of FameFlyNet.[4] Sanders has filed around 100

7   lawsuits on behalf of FameFlyNet which allege that a party engaged in willful

8   copyright infringement. In doing so, Sanders is well aware of Mr. Nizon and Mr.

9   Cosman's attitudes towards evaluation of willful copyright infringment claims, the

10  prosecution of copyright infringement actions, negotiation of settlement, and who

11  are willful infringers and what makes their conduct willful, all of which were

12  disclosed within an attorney-client relationship. Cosman Decl., ¶¶ 2-3.

13  **VI.   SANDERS SHOULD BE DISQUALIFIED FROM REPRESENTING**

14  **      PLAINTIFF AGAINST BACKGRID IN A PHOTOGRAPHY**

15  **      COPYRIGHT INFRINGEMENT CASE BECAUSE THE MATTERS**

16  **      ARE SUBSTANTIALLY RELATED**

17      "In determining whether there is a substantial relationship between the

18  lawsuits, the Court looks first to the allegations in the complaint and the nature of

19  the evidence that would be helpful in establishing those allegations." *Monster*

20  *Energy Company v. Vital Pharmaceuticals,* 2018 WL 6431870 at *3 (C.D. Cal.

21  2018). Courts look at "the similarities between the two factual situations, the legal

22  questions posed, and the nature and extent of the attorney's involvement with the

23  cases," *Acacia Patent Acquisition, LLC v. Superior Court*, 184 Cal. Rptr. 3d 583,

24  588 (Cal. App. 2015), as well as "the attorney's possible exposure to formulation

25  of policy or strategy." *Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft,*

26

27  _____

28  [4] There was one other principal of FameFlyNet who left during the course of Mr. Sanders'
    representation of it.

9

81 Cal. Rptr. 2d 425, 432 (1999). The purpose of the substantial relationship inquiry is to determine if "information material to the evaluation, prosecution, settlement or accomplishment of the former representation given its factual and legal issues is also material to the evaluation, prosecution, settlement or accomplishment of the current representation given its factual and legal issues." *Jessen v. Hartford Cas. Ins. Co*., 3 Cal. Rptr. 3d 877, 887–88 (Ct. App. 2003).

<u>The Factual Similarities Between This Case and Prior Representation</u>

A substantial relationship between two cases does not require "an exact match between the facts and issues involved in the two representations." *Monster Energy Co.,* 2018 WL 6431870, at \*3; *W. Sugar Coop. v. Archer-Daniels-Midland Co.*, 98 F. Supp. 3d 1074, 1087 (C.D. Cal. 2015); *Diva Limousine, Ltd. v. Uber Techs.,* 2019 WL 144589, \*6 (N.D. Cal. Jan. 9, 2019).

In *Monster Energy*, 2018 WL 6431870, at \*3, the court found that a substantial relationship existed between the cases when they involved different advertising claims for different energy drinks, even though the energy drink at issue in the second litigation was not in production at the time of the first representation.

Here, Plaintiff has sued Backgrid alleging that:

- "[T]he Photographs were willfully reproduced and licensed to the Third-Party Publications by Defendants." (Complaint, ¶ 36)

- "Defendants engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws." (*Id.,* ¶ 37)

- "Defendants received a financial benefit directly attributable to the Infringements. Specifically, Defendants received licensing revenue from the Third-Party publications and others." (*Id.,* ¶ 39)

- Plaintiff also asks for actual damages and a "disgorgement of all of Defendant's profits attributable to the infringements []." (*Id.,* ¶ 47)

10

- Backgrid has a continuing relationship with the Third-Party Publications after distribution of the Photographs 1-21, as it is and remains a source for photographic content for the Third-Party Publications. (*Id.*, ¶ 60)

In attempting to prove these allegations, Plaintiff will try to show that Backgrid infringed, and willfully engaged in infringement of its photographs. In addition to the confidential information Backgrid provided Mr. Sanders directly (*see* Kantif Declaration incorporated herein by reference), he also has 100 photograph copyright infringement lawsuits-worth of privileged communications between himself and two of Backgrid's principals. These communications relate to allegations of willful infringement against third parties.  The matters are undisputedly related as Mr. Sanders has made the very same claims on behalf of FameFlyNet against others.  Critically, during the course of his representation of these 100 cases, a vast majority of them were prosecuted by Mr. Sanders directly, as opposed to a colleague.

### The Legal Similarities Between This Case and Prior Representation

The legal questions are the same as between the representation of Backgrid and FameFlyNet and this litigation. Did defendant infringe. If so, did defendant infringed willfully?

### The Nature and Extent of Mr. Sanders' Representation

Mr. Sanders has an extensive history with Backgrid's principals. Mr. Sanders has the benefit of 100 cases worth of evaluations, impressions, and settlement discussions from two out of the four of Backgrid's principals. Moreover, he litigated the FameFlyNet library that is now licensed by and enforced by Backgrid.

All factors support the finding that a substantial relationship exists between Mr. Sanders's representations. "When a substantial relationship between the two representations is established, the attorney is automatically disqualified from

11

representing the second client." *City & Cty. of San Francisco v. Cobra Sols., Inc.*, 38 Cal. 4th 839, 847 (2006).

## VII.   BASED ON THE DEGREE OF INVOLVEMENT THERE IS A REASONABLE PROBABLY THAT CONFIDENCES WILL BE DISCLOSED OR USED WHICH PREJUDICES BACKGRID

"[A] fundamental principle in the lawyer-client relationship, that, in the absence of the client's informed consent, * a lawyer must not reveal information protected by Business and Professions Code section 6068, subdivision (e)(1)" (Comment Rule 1.6).

Mr. Sanders had direct communication with Backgrid, its principals and its agents. Kantif Decl. ¶ 2, Cosman Decl., ¶ 1.  He learned confidential information about Backgrid's business structure and copyright enforcement efforts (Kantif Decl. ¶ 2) and its principals' thoughts about settlement, negotiation strategy, factors relating to what makes a party a "willful" infringer, and which matters were prioritized over others and why others might be deemed more important than others that will necessarily benefit his client in this litigation.  (Cosman Decl. ¶¶ 1-3.) There is no way for Mr. Sanders to separate what he knows about Backgrid's (and FameFlyNet's) business and strategy from his current representation adverse to Backgrid. Backgrid has not provided informed written consent to Mr. Sanders. Kantif Decl. ¶ 6.

## VIII.  CONCLUSION

Backgrid respectfully requests that the Court disqualify Mr. Sanders and his law firm from representation of plaintiff in this action.

//

//

//

//

//

12

Dated:  May 30, 2023                    **ONE LLP**


By: */s/ Joanna Ardalan*
Joanna Ardalan

*Attorney for Defendant,*
Backgrid USA, Inc.

---

13

## <u>LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendant Backgrid USA, Inc. certifies that this brief contains 5,638 words, which complies with the word limit of L.R. 11-6.1.

By: <u>*/s/ Joanna Ardalan*</u>
Joanna Ardalan

14