Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Figueroa Street, Suite 1800
Los Angeles, California 90071
Tel: (213) 426-2137

Attorneys for Defendant
THE GROSBY GROUP INC.

Jo Ardalan (SBN 285384)
jardalan@onellp.com
ONE LLP
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Tel.: (949) 502-9870

Attorneys for Defendant
BACKGRID USA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GUILLORY,<br><br>*Plaintiff,*<br><br>v.<br><br>BACKGRID USA, INC. and THE GROSBY GROUP INC.<br><br>*Defendants.* | Case No.: 2:23-cv-00776 FLA (RAOx)<br><br>*Hon. Fernando L. Aenlle-Rocha*<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO CONSOLIDATE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF PETER PERKOWSKI AND PABLO GRODNITZKY**<br><br>Date:     August 11, 2023<br>Time:     1:30 p.m.<br>Place:     6B, 1st Street<br><br>Compl. filed:   Feb. 2, 2023<br><br>*Trial Date: June 11, 2024* |

TO THE COURT, THE PARTIES, AND THEIR COUNSEL:

PLEASE TAKE NOTICE that on August 11, 2023, at 1:30 p.m., or as soon thereafter as the matter bay be heard, in Courtroom 6B, First Street U.S. Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Judge Fernando L. Aenlle-Rocha presiding, Defendants The Grosby Group Inc. and BackGrid USA, Inc. will and hereby do move for an order consolidating this action with *Guillory v. EHM Productions, Inc.*, No. 2:22-cv-06185 FLA (RAOx), for all purposes, and designating this action as the lead action.

The Motion is made under Fed. R. Civ. P. 42(a) on the grounds that both cases are pending before this Court and share common questions of law and fact, including the fact that defendants Grosby Group and BackGrid, along with the defendant in *EHM Productions*, are all in a single chain of distribution regarding the photographs that each of them are alleged to have infringed. Consolidating these cases will therefore conserve judicial resources, avoid the duplication of evidence and procedures, and lead to a more efficient resolution of the dispute, especially in light of controlling case law regarding damages. *See Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1264-65 (9th Cir. 2021) (holding that plaintiff is entitled to a single statutory damages award against all defendants in the chain of distribution, for all infringements). It would also avoid prejudice to Grosby Group, who otherwise may be ultimately responsible for two judgments—one in each case—instead of the one award that Plaintiff is entitled to under *Desire*.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities and Declarations of Peter Perkowski and Pablo Grodnitzky, all judicially noticeable facts, all pleadings, records and files in this action, and any further evidence and arguments that the Court may receive at or before the hearing on this Motion.

///

This Motion is made following the conference of counsel under Local Rule 7-3, which took place on May 23, 2023. *See* Perkowski Declaration.

Dated: July 7, 2023　　　　　Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:　/s/ Peter Perkowski
　　　Peter E. Perkowski

　　　Attorneys for Defendant
　　　THE GROSBY GROUP INC.

**ONE LLP**

By:　/s/ Jo Ardalan
　　　Jo Ardalan

　　　Attorneys for Defendant
　　　BACKGRID USA, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Two cases pending before this Court assert the same core claim of infringement involving the same photographs (the "Photographs") against three defendants who represent a single chain of distribution and thus would be jointly and severally liable: this matter, and *Guillory v. EHM Productions, Inc.*, No. 2:22-cv-06185 FLA (RAOx) (the "*TMZ* Matter"). Indisputably, the two cases involve many common issues of law and fact, and they should thus be consolidated for all purposes.

Because the three defendants are in a single chain, both liability and damages present common issues. Damages especially: Under controlling authority, Plaintiff is entitled to only a single statutory damages award against all defendants in the chain of distribution, for all infringements. *See Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1264-65 (9th Cir. 2021). Allowing Plaintiff to obtain two awards by prosecuting separate actions would be prejudicial to Grosby Group, who under principles of indemnity and joint-and-several liability may be responsible for both.

Despite this—perhaps because of it—Plaintiff opposes consolidation, angling to position himself to obtain multiple awards.[1] He argues that the two cases involve at least one distinct issue of fact and law, which somehow renders "irrelevant" all the common issues. But common legal and factual issues predominate even if a small number of distinct issues exist, and Defendants are aware of no authority endorsing Plaintiff's novel argument.

The discretionary factors also favor consolidation. Although the *TMZ* Matter, having been filed just four months earlier, is slightly farther along in discovery, Plaintiff will not be prejudiced by consolidation: Discovery taken

---

[1] Separate awards here would be on top of at least four settlements Plaintiff has already obtained from alleged infringers in chains of distribution that begin with Grosby Group. *See* Perkowski Decl. ¶ 4.

in that matter will be useful here; indeed, because of overlapping allegations in both cases, it will likely be necessary here. And assuming the parties reach that stage, there will be one trial, not two, without duplicative witnesses and evidence, and it will be only six months later than that set in the *TMZ* matter.

Reasons for consolidation abound. The Court should grant the motion.

## II.   BACKGROUND

### A.   The parties' relationship

Grosby Group is a boutique photo agency that provides quality entertainment content to media customers primarily in Latin America and the U.S. Hispanic market. Grodnitzky Decl. ¶ 2. To reach other potential customers, Grosby Group has a co-agent contractual relationship with BackGrid by which each company provides their photographs to the other for the purpose of licensing to each other's customers. Grodnitzky Decl. ¶ 3.

Grosby Group provided Plaintiff's Photographs to BackGrid under this co-agent agreement. Grodnitzky Decl. ¶ 4. BackGrid subsequently licensed them to its customers, including entertainment news organization TMZ. *Id.*

### B.   The *TMZ* Matter

Plaintiff sued EHM Productions, the entity that operates TMZ's website www.tmz.com, on August 22, 2022. *See* Complaint, *Guillory v. EHM Prods. Inc.*, No. 2:22-cv-06185 FLA (RAOx) (Aug. 22, 2022) (the "*TMZ* Complaint").[2] The *TMZ* Complaint asserted a single claim of copyright infringement based on TMZ's alleged unauthorized use of 11 photographs of "a yellow house with a backyard pool." *TMZ* Compl. ¶¶ 19-85. The photographs were allegedly registered with the U.S. Copyright Office as Registration

---

[2] Defendants request that the Court take judicial notice of the case file in the *TMZ* Matter. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (a court may take judicial notice of its own records in other cases, as well as other courts' records); *accord Gerritsen v. Warner Bros. Ent'mt Inc.*, 112 F. Supp. 2d 1011, 1033 (C.D. Cal. 2015) (citing cases).

No. VA 2-289-987. *See TMZ* Compl. ¶¶ 21, 27, 33, 39, 45, 51, 57, 63, 69, 75, 81. According to the Complaint, TMZ displayed the photographs on the web on December 27, 2021, in connection with an article about musical artist Kanye West buying a house across the street from Kim Kardashian after their divorce. *TMZ* Compl. ¶¶ 23, 29, 35, 41, 47, 53, 59, 65, 71, 77, 83.

Plaintiff later amended the *TMZ* Complaint to add allegations that TMZ allegedly displayed the photographs in a second article dated November 29, 2022. *See* First Am. Compl. ¶¶ 23-40, *Guillory v. EHM Prods. Inc.*, No. 2:22-cv-06185 FLA (RAOx) (Jan. 22, 2022) (the "*TMZ* FAC").

### C. This action

Plaintiff filed the Complaint in this action on February 2, 2023—just ten days after filing the *TMZ* FAC. *See* ECF 1 (the "*Grosby* Compl."). On the Civil Cover Sheet that accompanied that Complaint, Plaintiff listed the *TMZ* Matter as "related," checking the box indicating that the two cases "[a]rise from the same or a closely related transaction, happening, or event." ECF 2.

The *Grosby* Complaint involves the same photographs that are at issue in the *TMZ* action. *Grosby* Compl. ¶¶ 24-25 (alleging the creation of 21 photographs of a property, registered under Reg. No. VA 2-289-987). As a basis for infringement, the Complaint alleges the same December 27, 2021, article that formed the basis for the *TMZ* Complaint,[3] along with several other third-party websites.[4] Finally, the *Grosby* Complaint alleges that Defendants here—Grosby Group and BackGrid—were "identified as the source for [those] unauthorized use[s]" of the photographs. *Grosby* Compl. ¶ 29.

///

---

[3] *Compare Grosby* Compl. ¶ 26 *with TMZ* Compl. ¶¶ 23, 29, 35, 41, 47, 53, 59, 65, 71, 77, 83.

[4] *Grosby* Compl. ¶¶ 27-28.

3

MOTION TO CONSOLIDATE

### III. LEGAL STANDARD

The Federal Rules of Civil Procedure permit a court to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). District courts have broad discretion under Rule 42(a) to consolidate cases pending in the same district, *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855-56 (9th Cir. 2016), and may even consolidate cases sua sponte, *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). In exercising discretion, a court may balance "the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028 (N.D. Cal. 2003), *cited in Esqueda v. Team Indus. Servs., Inc.*, No. 2:21-cv-3321-FLA (GJSx), 2021 WL 4493844, at *3 (C.D. Cal. Oct. 1, 2021). Where the former outweighs that later, courts "strongly favor" consolidation. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999).

"The purpose of consolidation … is to enhance trial court efficiency by avoiding unnecessary duplication of proceedings and effort." *Habtemariam v. Vida Capital Grp., LLC*, No. 2:16-cv-01189-MCE-GGH, 2017 WL 627404, at *3 (E.D. Cal. Feb. 14, 2017). "Consolidation of appropriate cases also guards against the risk of inconsistent adjudications." *Id.* "Typically, consolidation is a favored procedure." *Blount v. Boston Sci. Corp.*, No. 1:19-cv-0578 AWI SAB, 2019 WL 3943872, at *2 (E.D. Cal. Aug. 21, 2019).

### III. ARGUMENT

The *TMZ* Matter and this action are both pending before this Court. The Court should consolidate them because they involve common questions of law and fact, and the discretionary factors weigh in favor of consolidation.

#### A. The related cases involve common questions of law and fact.

This case and the *TMZ* Matter involve common questions of law and fact. Plaintiff has conceded as much, representing to the Court that the two

cases "[a]rise from the same or a closely related transaction, happening, or event." ECF 2. In fact, the claims here are based, at least in part, on the identical transaction: the reproduction and display of the Photographs on the TMZ website. *See supra* n.3. And the Complaint traces TMZ's alleged reproduction and display back to Defendants here, alleging that the TMZ article "identified Defendants as the source of [TMZ's] unauthorized use" of the Photographs. *Grosby* Compl. ¶ 29. In short, Plaintiff seeks to hold three defendants—TMZ, Grosby Group, and BackGrid—liable based the "same … happening" (the TMZ publication of the Photographs).

      Grosby Group's owner, Pablo Grodnitzky, confirms that the alleged TMZ infringement is connected to this matter. Specifically, Grosby Group and BackGrid have a co-agency agreement whereby each acts as the agent of the other in marketing and licensing photographs. Grodnitzky Decl. ¶¶ 3-4. That co-agency relationship applied to the Photographs in suit here and in the *TMZ* Matter. *Id.* Since the three defendants are part of a single chain of distribution, the common fact issues are multitude. In fact, factually speaking, the *TMZ* Matter is entirely subsumed into this action.

      There are common legal issues as well. One of them is liability for copyright infringement: Though each of the three defendants may be liable in different ways or to different degrees, under principles of joint-and-several liability if one is liable, they all may be liable: "'When two or more persons have joined in or contributed to a single infringement of a single copyright, each is jointly and severally liable; [and in such] circumstances, in a single infringement action.'" *Desire*, 986 F.3d at 1263 (quoting 1 M. Nimmer & D. Nimmer, Copyright § 14.04[E][2][d][i] (2020)).

      The amount of damages is another common legal issue: If Plaintiff elects statutory damages, he is limited to only one award for all Photographs and all infringers who are downstream from Grosby Group. Plaintiff is

1  entitled to only one award from all three defendants in both cases: The Ninth
2  Circuit has held that a district court may not issue multiple statutory
3  damages awards "where one infringer is jointly and severally liable will *all*
4  other infringers," even when "the other infringers are not completely jointly
5  and severally liable with one another." *See Desire*, 986 F.3d at 1264-65. That is
6  the case here, as Grosby Group would be jointly and severally liable with
7  BackGrid and TMZ, even if those alleged infringements are unrelated to each
8  other (which is not the case).

9        Plaintiff's sole basis for opposing consolidation is that there are
10 "distinct" questions of law and fact in both cases—namely, that TMZ
11 allegedly used the Photographs more than once, including after being on
12 notice of Plaintiff's claims, allegedly raising a claim of willful infringement.
13 Perkowski Decl. Ex. 1. According to Plaintiff, this "differentiating factor …
14 renders any issue involving Backgrid/Grosby irrelevant." *Id.* Even if those
15 allegations are true, the conclusion is not: Rule 42(a) does not require that
16 questions of law and fact be identical before a court may order consolidation.
17 *See Aroche v. Park*, No. SACV 17-0367-JGB (KK), 2017 WL 2857525, at *4 (C.D.
18 Cal. June 5, 2017) (citing *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129,
19 1133 (C.D. Cal. 1999)). The existence of an issue distinct to TMZ—which
20 affects only the amount of damages, not liability—does not render
21 "irrelevant" the questions of law and fact that are common to all three
22 defendants in the chain of distribution. In fact, those common questions
23 predominate, and the distinct issue—if it is even distinct, given joint and
24 several liability—may be adjudicated alongside the common questions. *See*
25 *Aroche*, 2017 WL 2857525, at *4-6 (consolidation still warranted even
26 assuming there was a potential difference in relief requested in the cases); *In*
27 *re Apple & AT&T Antitrust Litig.*, No. C 07-05152 JW, 2008 WL 1766761, at *1
28 (N.D. Cal. Apr. 15, 2008) (sua sponte consolidating cases that involved

"substantially the same transaction and parties").

Similarly, for the purposes of consolidation, it is also irrelevant that Grosby Group and/or BackGrid may also be liable for the infringements of third parties, other than TMZ, whose infringements are alleged in the Complaint. *Grosby* Compl. ¶¶ 27-28. Those third parties are not before the Court, and Defendants' liability that may be unrelated to the TMZ articles does not defeat the reasons for consolidating. *See Dusky v. Bellasaire Invs.*, No. SACV07-874 DOC (ANx), 2007 WL 4403985, at *2 (C.D. Cal. Dec. 4, 2007) (while complaints "differ in specifics," the court "need only find one issue of fact or law in common in order to permit consolidation"). And again, under the controlling *Desire* ruling, Plaintiff is still entitled to only one award regardless of the number of distribution chains. *See Desire*, 986 F.3d at 1264-65 (court may issue only one award for all infringers even when "the other infringers are not completely jointly and severally liable with one another").

Common questions of law and fact are overwhelming, providing compelling reasons for consolidation.

### B. The discretionary factors weigh in favor of consolidation.

The necessary predicates for ordering consolidation are present. The discretionary factors also weigh in favor of consolidation.

*First*, given that all three defendants are in the same chain of distribution, consolidation will conserve judicial resources in several ways. Both cases rest at least in part on TMZ's publication of articles containing the Photographs, so both will involve largely the same discovery and witnesses. Consolidation will avoid duplicative depositions and even likely some motion practice. *See Lopez v. Liberty Mut. Ins. Co.*, No. CV 14-05576, 2014 WL 12853383, at *15 (C.D. Cal. Oct. 24, 2014) (consolidation favored where, despite several differences, "discovery will likely overlap to a large degree, and requiring the cases to maintain their separate character would cause

unnecessary repetition and inefficiency"); In fact, without consolidation, the facts forming the basis of the claims against TMZ will have to be tried and proved twice—once in the *TMZ* Matter and another time here. Such duplication is costly, in time and resources, for the Court, counsel, and witnesses. *See EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998) (consolidating would "avoid the inefficiency of separate trials involving related parties, witnesses, and evidence"); *accord Burnett v. Rowzee*, No. SACV07-641 DOC (ANx), 2007 WL 4191991, at *5-6 (C.D. Cal. Nov. 26, 2007).

*Second*, and similarly, Plaintiff will not be inconvenienced by consolidation; in fact, consolidation will facilitate the effective representation of counsel for the parties, rather than hindering it. The same counsel represents Plaintiff in both the *TMZ* Matter and this action, and both TMZ and BackGrid also share the same counsel. *Compare* Docket, *TMZ* Matter *with* Docket, *Grosby* Matter. Consolidation will make the work of these parties' legal representatives simpler, more economical, and less time consuming by reducing the duplication of discovery and of proof, eliminating other inefficiencies such as separate hearings and appearances, and reducing the overall costs and burdens of litigation.

*Third*, though consolidation may cause a short delay in the *TMZ* Matter, which is currently set for trial in January 2024, Plaintiff will not be prejudiced by any delay. Discovery taken in the *TMZ* Matter will be useful, even necessary, in this action because of the overlapping allegations made in both cases. Assuming the parties make it to trial in this action, it will be just five months after the time set for trial in the *TMZ* Matter. ECF 33 (setting trial for June 2024). Such a short delay will not prejudice Plaintiff given the increase in efficiencies and economy, discussed above, that come with consolidation.

In contrast to the lack of prejudice to Plaintiff, Grosby Group will suffer extreme prejudice if the matters are not consolidated. Whether Plaintiff

intended the result or not, filing the *TMZ* Matter separately from this action will allow him to obtain two statutory damages awards when the law entitles him to only one. *See Desire*, 986 F.3d at 1264-65. Plaintiff could have added Grosby Group and BackGrid to the *TMZ* Matter when he amended his complaint in that case just a few days before filing this one. For whatever reason, he did not. The Court should correct the oversight and consolidate the actions, preventing the manifest prejudice that will occur to Grosby Group if these cases were allowed to continue to judgment separately.

Further, because Grosby Group is the beginning of the chain of distribution, Defendants request that this action be designated as the surviving action post-consolidation.

## IV. CONCLUSION

For the reasons above, defendants respectfully request that the Court consolidate this matter with *Guillory v. EHM Productions, Inc.*, No. 2:22-cv-06185 FLA (RAOx), for all purposes, and designate this action as the lead action.

Dated: July 7 , 2023         Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:   /s/ Peter Perkowski
     Peter E. Perkowski

     Attorneys for Defendant
     THE GROSBY GROUP

Dated: July 7, 2023         **ONE LLP**

By:   /s/ Jo Ardalan
     Jo Ardalan

     Attorneys for Defendant
     BACKGRID USA, INC.

**ATTESTATION**

The filer of this document, Peter Perkowski, attests that all other signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized its filing.

　　　　　　　　　　　　　　__/s/ Peter E. Perkowski_____

# DECLARATION OF PETER PERKOWSKI

I, Peter Perkowski, declare as follows:

1. I am an attorney at law licensed to practice before all Courts of the State of California, including this Court. I am a principal of the law firm of Perkowski Legal, and counsel of record for defendant The Grosby Group Inc. The information stated below is of my own personal knowledge.

2. Under L.R. 7-3, I participated in a telephone call with counsel for Plaintiff Jacqueline Mandel and counsel for BackGrid USA, Inc. Jo Ardalan. During that call, on behalf of Grosby Group I raised the intention of filing this motion and provided the basis for it. Counsel discussed the motion but did not come to a resolution of it.

3. Subsequently, I received an email from Ms. Mandel that more fully explained plaintiff's reasons for opposing consolidation. A copy of this email is attached as Exhibit 1.

4. In my factual investigation of this matter, I have learned that plaintiff reached settlements with the following alleged infringers of the same photographs at issue in this case, all of whom obtained the photographs in a chain of distribution that begins with Grosby Group: *The Daily Mail Online*, *The Sun*, and HollywoodLife.com.

I swear under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct. Dated this 7th day of July 2023.

                                  /s/ Peter E. Perkowski
                                          Peter Perkowski

**Exhibit 1**

# Peter Perkowski

| | |
|---|---|
| **From:** | Jacqueline Mandel <jmandel@sanderslaw.group> |
| **Sent:** | Thursday, May 25, 2023 6:52 AM |
| **To:** | 'Peter Perkowski'; 'Jo Ardalan' |
| **Cc:** | Craig Sanders; Renee Aragona |
| **Subject:** | RE: Guillory v. BackGrid USA, Inc. |
| **Attachments:** | InitialOrderSettingR26SchedulingConference-formonly_1681796258.pdf; Guillory v. Grosby and Backgrid Rule 26f Report.docx |

Hi Peter,

Attached is the proposed Joint Rule 26(f) Report for your review. This Joint Report encompasses all the points in our discussion yesterday but please let me know if you have proposed changes. Regarding ADR, we tentatively agreed upon appointing a Panel Mediator. We will have to reach out to some of the Mediators to get their daily rates and see if any will conduct the mediation pro bono. I will get back to you with that list.

Plaintiff maintains his objection to Defendant's Motion to Consolidate. *Guillory v. EHM* and *Guillory v. BackGrid, et al*, involve distinct questions of law and fact. EHM used our client's photographs on two separate occasions. The second usage by EHM occurred <u>after</u> EHM had already been sued for the first usage and had knowledge of the infringement. This second usage by EHM is a differentiating factor which renders any issue involving Backgrid/Grosby irrelevant. Therefore, consolidation would not save any time, effort or costs to the parties in discovery and would instead delay the disposition of the case.

Before Plaintiff can respond regarding settlement, we will need an accurate report of all sales of our client's images including a list of users/licensees from Backgrid and Grosby which we have yet to receive. You mentioned that there were some documents that you still had to provide to us. Please advise when we can anticipate receiving these documents so that we can engage in an informed and meaningful settlement discussion.

Jacqueline Mandel, Esq.
**SANDERS LAW GROUP**

333 Earle Ovington Boulevard | Suite 402 | Uniondale, NY 11553
Phone: 516.203.7618
Fax: 516.282.7878
Email: jmandel@sanderslaw.group

CONFIDENTIALITY NOTICE: THIS E-MAIL MESSAGE IS INTENDED FOR THE SOLE USE OF THE INTENDED RECIPIENT(S) AND MAY CONTAIN ATTORNEY-CLIENT PRIVILEGED, ATTORNEY WORK PRODUCT PROTECTED, COMMON INTEREST PRIVILEGED, AND/OR OTHER CONFIDENTIAL INFORMATION. ANY UNAUTHORIZED REVIEW, USE, DISCLOSURE, OR DISTRIBUTION OF THIS MESSAGE AND/OR ITS ATTACHMENTS IS PROHIBITED. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS MESSAGE, PLEASE CONTACT THE SENDER BY REPLY E-MAIL (OR OTHER IMMEDIATE MEANS) AND DESTROY ALL COPIES OF THE ORIGINAL MESSAGE AND ITS ATTACHMENTS, IF ANY. THANK YOU.

**From:** Peter Perkowski <peter@perkowskilegal.com>
**Sent:** Tuesday, May 23, 2023 7:06 PM
**To:** Jacqueline Mandel <jmandel@sanderslaw.group>; 'Jo Ardalan' <jardalan@onellp.com>
**Cc:** Craig Sanders <csanders@sanderslaw.group>; Renee Aragona <RAragona@sanderslaw.group>
**Subject:** RE: Guillory v. BackGrid USA, Inc.

Hi Jacqueline. Is there a dial-in or conference line? Thanks.

**DECLARATION OF PABLO GRODNITZKY**

I, Pablo Grodnitzky, declare as follows:

1. I am over the age of 18 and have personal knowledge of the events and information set forth below.

2. I am the founder and owner of The Grosby Group. Grosby Group is a boutique photo agency that provides quality entertainment content to media customers primarily in Latin America and the U.S. Hispanic market.

3. To reach other potential customers, Grosby Group has a co-agent contractual relationship with BackGrid USA Inc. and others. Under the co-agent agreement, each company provides their photographs to the other for the purpose of licensing to each other's customers.

4. Under the Grosby Group's co-agent agreement with BackGrid, I provided the photographs that are the subject of this action to BackGrid. Sales records show that Grosby Group received license fees several companies, including TMZ, HollywoodLife.com, *The Daily Mail Online*, and *The Sun*.

I swear under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct. Dated this 6th day of July 2023.

_____
Pablo Grodnitzky